IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:20-cv-3244-CMA

IOU CENTRAL, INC.
d/b/a IOU FINANCIAL, INC.,

     Plaintiff,
vs.

NANCY LYNN BLISS

     Defendant.

_____

### **UNOPPOSED MOTION FOR EXTENSIONS OF TIME AND FOR CONTINUANCE**
_____

Per Fed. R. Civ. P. 6 and D.C. Colo. LCiv.R. 7.1, Plaintiff IOU moves for extensions of time and a continuance, incorporating its Complaint [Doc 1].

### **STATEMENT OF FACTS**

1.    Plaintiff filed suit in Georgia federal court on the defaulted loan at issue against Intercom, Inc., Kent Bliss and Defendant Nancy Bliss, with relief as to their fraudulent sale of Texas property, ND of Ga. Case No. 1:19-cv-04595-TWT, filed there per loan forum clauses [Georgia Case] who were served [Doc 1: Complaint, ¶ 8-37]

2.    On 1/27/20, Kent Bliss bankrupted during the Georgia Case, who received a discharge on 7/8/20, ND of Texas, Case No. 20-30247 [Doc 1: ¶ 3].

3.    On 1/26/20, Intercom filed Chapter 11 bankruptcy, ND of TX, Case No. 20-30243 voluntarily dismissed by that party and its counsel on 11/2/20 as a bad-faith bankruptcy which lacked ability to reorganize, against which the Georgia Case could then proceed [Doc 1: ¶ 4].

4. During the Georgia suit, Defendant Bliss sold the Texas Property and used its proceeds to purchase Colorado realty, requiring this case [Doc 1: Complaint].

5. However, during this case, Bliss then sold the Colorado Property to a third party, subject to a *lis-pendens* as to that property in the local land records, referencing this case, requiring Plaintiff's joinder of this additional party-defendant, Bev Nour Eldin, Trustee for the Bev. Nour Eldin Trust in this case.

6. Plaintiff also required clarification as to the status of the bankruptcies to ensure this case and the Georgia Case could proceed before taking further action.

7. Plaintiff moved to drop Kent Bliss from the Georgia Case and to transfer that case to this Court, which will then move to consolidate both cases when transfer is complete. Transfer is expected this week, averting issues with pending cases in both jurisdictions. Consolidation also resolves service as to Nancy Bliss and Intercom, which were already served in the Georgia Case.

8. Accordingly, Plaintiff requests a short extension of time until 4/5/21 to effect transfer and consolidation of the Georgia Case with this case; serve Defendants as needed; with a continuance of the 3/3/21 hearing [Doc 10], until 4/5/21.

9. This relief will not prejudice any party, as the Defendants have not yet appeared and will provide an efficient use of judicial resources in resolving these issues.

10. A proposed order is attached as **Exhibit 1.**

**MEMORANDUM**

The Court has authority to grant this relief. **_Landis v. N. Am_**. Co., 299 U.S. 254 (1936) [it is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"] The Court may grant leave for good cause. **_Pioneer v. Brunswick_**, 507 U.S. 395 (1993). Good cause is shown for the relief, as extensions of time and continuances may be granted if doing so is economical and efficient, until it is clear if or how the case will proceed. **_Wells v. Smith_**, LEXIS 170086 * 13 (D. Colo. 2014) [stayed discovery pending outcome of motions to dismiss]

Consolidation is also supported per Fed. R. Civ. P. 42, providing for consolidation of cases with common questions of law or fact. See L.R. 42.1 providing that judge with older-numbered case will determine a motion for consolidation] **_Eco-Site v. City of Pueblo_**, LEXIS 59854 (D. Colo. 2018) [consolidated cases per common questions of fact, same parties, same counsel and same issues, with identical claims, significant commonalities requiring consolidation] These factors are met in here when the Georgia case is transferred to this Court, requiring its consolidation with this case, which may render the current conference moot.

**CONCLUSION**

WHEREFORE, Plaintiff respectfully prays for the following relief:

(a) A short extension of time until 4/5/21 to effect transfer and consolidation of the Georgia Case with this case; serve Defendants as needed; with a continuance of the 3/3/21 hearing [Doc 10], until 4/5/21; and

(b) All other just and proper relief.

## **CERTIFICATE OF CONFERENCE**

Per D.C. Colo. LCiv.R. 7.1, I certify this Motion is unopposed as the Defendant has not yet appeared in this case or the Georgia Case, with whom I could not confer.

Respectfully submitted this 1st day of March 2021.

By: */s/Paul G. Wersant*
Paul G. Wersant
Georgia Bar No. 748341
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 264-2358
Email: pwersant@gmail.com
Attorney for Plaintiff
File No. 135329