IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No.20-cv-03244-CMA-NYW

IOU CENTRAIL INC., *d/b/a* IOU Financial Inc.,

    Plaintiff,

v.

NANCY LYNN BLISS,
BEVERALY ANN AUSTIN as trustee for the B Austin 2015 Revocable Trust, a/k/a Bev Nour Eldin, and
INTERCOM INC.

    Defendants.

## ORDER RESOLVING PENDING MOTIONS

This matter is before the Court pursuant to several motions: (1) Defendant Beverly Ann Austin as Trustee for the B Austin 2015 Revocable Trust's ("Defendant Austin") Motion for Summary Judgement (Doc. #76); (2) Plaintiff IOU Central Inc.'s ("Plaintiff") "Motion as to Summary Judgment [Doc. # 76] Entry of Default as to Defendant Intercom as to report [Doc 82]" ("Motion to Dismiss") (Doc. # 82); (3) Plaintiff's "Motion as to Summary Judgment as to Defendant Austin and for Final Judgment as to Defendant Intercom" ("Plaintiff's Motion for Summary Judgement") (Doc. # 86); and, (4) Plaintiff's "Motion for Leave and Extension as to Second Amended Complaint [Doc 77]; as to Motion for Summary Judgment [Doc 86]; as to Pretrial Conference and Deadlines [52-53]" ("Motion for Leave and Extension") (Doc. # 88). For

the following reasons, (1) Defendant Austin's Motion is denied without prejudice and with leave to refile; (2) Plaintiff's Motion to Dismiss is denied as moot; (3) Plaintiff's Motion for Summary Judgment is summarily stricken; and (4) Plaintiff's Motion for Leave and Extension is denied as moot.

## I.  BACKGROUND

This is a real property case. Plaintiff initiated this action on October 30, 2020. (Doc. #1.) As it pertains to Defendant Austin, Plaintiff alleges that Defendant Austin purchased a home in Colorado "with notice and knowledge of Plaintiff's superior interest" in it. (Doc. # 77, ¶ 53.)

Pursuant to a May 16, 2022, order by the Magistrate Judge, Plaintiff was granted until May 20, 2022, to file a second amended complaint. (Doc. #75). On May 24, 2022, Defendant Austin filed a Motion for Summary Judgment—directed to the First Amended Complaint (Doc. # 25)—arguing that Plaintiff lacks standing to assert claims against Defendant Austin related to the sale of the Colorado property (Doc. #76, pp. 6-8). Later that same day, Plaintiff filed its Second Amended Complaint. (Doc. # 77.)

Plaintiff has not filed a response to Defendant Austin's Motion for Summary Judgment. On July 19, 2022—five weeks after a response to Defendant's Motion for Summary Judgment was due pursuant to local rule 7.1(d)—Plaintiff filed its Motion to Dismiss in which it argues that the filing of their Second Amended Complaint rendered Defendant Austin's Motion for Summary Judgment moot. (Doc. # 82, pp. 5-6); D.C.COLO.LCivR 7.1(d). Contained within that Motion is also a Motion for Entry of Default as to Defendant Intercom, Inc. ("Defendant Intercom"). (Doc. # 82, pp. 6-7.)

Defendant Austin timely responded to Plaintiff's Motion to Dismiss on August 9, 2022, in which Defendant Austin notes Plaintiff's Second Amended Complaint was filed four days late (Doc. # 85, pp. 1-2.)

On August 20, 2022, Plaintiff filed a Motion for Summary Judgement which reasserts many of the arguments made in its prior Motion regarding Defendant Austin's Motion. (Doc. #86.) This Motion also argues Summary Judgment against Defendant Austin is appropriate (Doc. # 86, pp. 11), and contains a Motion for Entry of Default as to Defendant Intercom—which reasserts the same arguments regarding Defendant Intercom contained within Plaintiff's prior Motion (Doc. # 86, pp. 11-12).

Finally, on October 7, 2022, Plaintiff filed a Motion for Leave and Extension, reasserting previously made arguments regarding Defendant Austin's Motion for Summary Judgment, again requesting Default Judgment be entered against Defendant Intercom, and requesting pretrial conference and deadlines be extended until the Court has ruled on the above-discussed pending motions. (Doc. # 88).

## II.   DISCUSSION

Although the Court acknowledges Plaintiff's Second Amended Complaint was filed four days late, the Court will accept it. *See* Fed. R. Civ. Pro 15(a)(2) (permitting amended pleadings "freely . . . when "justice so requires."). As such, the Second Amended Complaint is the operative complaint in this case. However, Plaintiff is on notice that no further late filings will be accepted by the Court. Pursuant to the Court's acceptance of the Second Amended Complaint the Court denies Defendant Austin's Motion for Summary Judgment without prejudice and with leave to refile.

### III.   CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

(1) Defendant's Motion for Summary Judgment (Doc. # 76) is DENIED WITHOUT PREJUDICE, and with leave to refile;

(2) Plaintiff's "Motion as to Summary Judgment [Doc. # 76] Entry of Default as to Defendant Intercom as to report [Doc 82]" (Doc. # 82) is DENIED AS MOOT;

(3) Plaintiff's "Motion as to Summary Judgment as to Defendant Austin and for Final Judgment as to Defendant Intercom" (Doc. # 86) is SUMMARILY STRICKEN;[1]

(4) Plaintiff's "Motion for Leave and Extension as to Second Amended Complaint [Doc 77]; as to Motion for Summary Judgment [Doc 86]; as to Pretrial Conference and Deadlines [52-53]" (Doc. # 88) is DENIED AS MOOT; and

(5) The parties are DIRECTED to contact Magistrate Judge Crews' chambers for resetting of pertinent deadlines.

DATED:  October 17, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge

---

[1] Plaintiff is reminded that District of Colorado Local Rules of Civil Practice, as well as this Court's Practice Standards are not optional. Of particular import are Local Rule 7.1(d) and Practice Standard 7.1A which set out motions-related deadlines, require that motions shall not be included in a response or reply, and that motions be filed as separate documents. D.C.COLO.LCivR 7.1(d); CMA Civ. Practice Standard 7.1A. This means that distinct requests should not be combined into one motion, e.g., a Motion to Dismiss should not be combined with a Motion for Default Judgment. Motions for Summary Judgement are also subject Local Rule 56.1(a) and this Court's Practice Standard 7.1E which require, amongst other things, a statement of undisputed facts. D.C.COLO.LCivR 56.1(d); CMA Civ. Practice Standard 7.1E. Future failure to comply with these, and any other applicable rules, will result in filings being summarily stricken and/or the imposition of sanctions. *See* CMA Civ. Practice Standard 7.1A(e)(2).